UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS W. MCNAMARA, <br><br> Plaintiff(s), <br><br> v. <br><br> GARY PATTEN, et al., <br><br> Defendant(s). | Case No. 2:17-CV-2968 JCM (NJK) <br><br> ORDER |

Presently before the court is defendants Gary Patten and Pano Advisors, Inc.'s (collectively "defendants") motion to dismiss. (ECF No. 22). Plaintiff Thomas W. McNamara, as the court appointed monitor for AMG Capital Management, LLC, filed a response (ECF No. 26), to which defendants replied (ECF No. 30).

On September 30, 2016, the court in *Fed. Trade Comm'n* awarded the Federal Trade Commission $1,301,897,652 on its claims against AMG Services, Inc., Scott Tucker, and various entities alleged to be owned and/or controlled by Tucker. *Fed. Trade Comm'n v. AMG Servs., Inc.,* No. 2:12-cv-00536-GMN-VCF, 2017 WL 1704411 (D. Nev. May 1, 2017). Subsequently, the parties filed an appeal, and the court entered an order appointing a monitor to oversee an asset freeze on the Tucker estate while the appeal was pending. (ECF No. 1). In the monitor order, Chief Judge Navarro held "this Court shall have exclusive jurisdiction regarding *any* dispute regarding this order." (ECF No. 1-1) (emphasis added).

Plaintiff initiated this action to clawback more than $10 million in allegedly fraudulent transfers to defendants during and prior to the *FTC v. AMG* litigation. (ECF No. 1). Plaintiff also raised a claim for unjust enrichment and requested an accounting by defendants. *Id.*

**James C. Mahan**
**U.S. District Judge**

|   |   |
|---|---|
| 1 | Defendants argue in their motion to dismiss that plaintiff's case is beyond the scope of the monitor order. (ECF No. 22). The court cannot proceed to adjudicate the merits of the case without first determining the scope of the monitor order. Accordingly, because the scope of the monitor order is subject to the exclusive jurisdiction of Chief Judge Navarro, the court will deny without prejudice defendants' motion to dismiss, and dismiss the action to the plaintiff's ability to refile his case in the proper tribunal. |


Defendants argue in their motion to dismiss that plaintiff's case is beyond the scope of the monitor order. (ECF No. 22). The court cannot proceed to adjudicate the merits of the case without first determining the scope of the monitor order. Accordingly, because the scope of the monitor order is subject to the exclusive jurisdiction of Chief Judge Navarro, the court will deny without prejudice defendants' motion to dismiss, and dismiss the action to the plaintiff's ability to refile his case in the proper tribunal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 22) be, and the same hereby is, DENIED without prejudice.

The clerk shall close this case.

DATED September 21, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**