**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS W. MCNAMARA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:17-cv-02968-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| GARY PATTEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Stay, (ECF No. 64), filed by Defendants Gary Patten and Pano Advisors, Inc (collectively "Defendants"). Plaintiff Thomas W. McNamara ("McNamara") filed a Response, (ECF No. 69), in opposition, and Defendants filed a Reply, (ECF No. 73).

Also pending before the Court is Defendants' to Amend and Supplement the Motion to Stay, (ECF No. 95), explaining that the United States Supreme Court granted certiorari on the Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*—the base decision from this Court of 2:12-cv-00536-GMN-VCF, which authorized McNamara's appointment as monitor to assist the Federal Trade Commission ("FTC") and gave the monitor authority to bring this case. McNamara filed a Response, (ECF No. 98), and Defendants filed a Reply, (ECF No. 99).

When determining whether a stay is appropriate pending the resolution of another case, the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Ocwen Loan Servicing, LLC v. SFR Investments*

*Pool I, LLC*, No. 2:17-cv-00279-JAD-GWF, 2017 WL 5068520, at *2 (D. Nev. Apr. 11, 2017) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  The party seeking a stay bears the burden of showing entitlement to it. *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014).

      After considering the applicable factors and the potential impact of the U.S. Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission* on this matter, the Court grants Defendants' Motions.  McNamara argues that a stay is inappropriate because it will cause "memories" to "fade" and provide Defendants with time to "hide" or "use up" the funds that he seeks to collect. (Resp. at 3, ECF No. 98).  But this argument is unavailing.  As Defendants provide in the Reply in support of their Motion to Amend, "[f]act discovery has closed; witnesses have been deposed and documents have been exchanged.  A temporary, finite stay is not going to cause fact evidence in this case to disappear." (Reply at 2–3, ECF No. 99).  Defendants further argue, and the Court agrees, that although experts are early in discovery, they are not fact witnesses, and therefore, "fading" memories are not at issue. (*Id.* at 3).  Additionally, McNamara has not presented support for a likelihood of prejudice to his ability to recover a judgment if this case were delayed pending the Supreme Court's forthcoming decision.  Last, the central issue in the grant of certiorari for *AMG Capital Management, LLC v. Federal Trade Commission* is the FTC's power to recover monetary relief—resolution of which could directly affect McNamara's scope of authority even if the Supreme Court affirms this Court's decision in Case No. 2:12-cv-00536-GMN-VCF.  Waiting for the Supreme Court before continuing with this case thus prevents rulings on the merits that might later be undermined.  As such, the unique circumstances of certiorari now make a stay appropriate.

///

///

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay, (ECF No. 64), and Motion to Amend and Supplement, (ECF No. 95), are **GRANTED**.  The Court stays this case pending the United States Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.  McNamara and Defendants shall jointly file a status report every three months beginning on November 2, 2020, addressing the status of *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.  Upon the U.S. Supreme Court's decision, the parties shall jointly petition the Court to lift the stay.  With regard to any motions currently pending before the Court in this matter, the Court will address them once the stay is lifted.  Pending motions need not be refiled.  McNamara can petition the Court for relief from the stay if there is evidentiary support showing conduct by Defendants that may harm the ability to recover a judgment in this matter.

**DATED** this  14   day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court